UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARGO H. LECHNER, | No. |
| Plaintiff, | NOTICE OF REMOVAL |
| v. | |
| THE BOEING COMPANY, | |
| Defendant. | |

**TO:   THE CLERK AND HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON**

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, Defendant The Boeing Company ("Boeing") hereby removes this action to this Court from the Superior Court of the State of Washington for Snohomish County. In support of this Notice, Boeing respectfully states:

**STATE COURT ACTION**

1.      Plaintiff Margo H. Lechner ("Plaintiff") commenced this action on or about August 21, 2015, by filing the Summons and Complaint in the Superior Court of the State of Washington for Snohomish County, where it was assigned Case No. 15-2-05657-1. Boeing was served with the Summons and Complaint on August 24, 2015. No further proceedings in this matter have been had in the Superior Court.

NOTICE OF REMOVAL (No. ) – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

2.      Plaintiff's Complaint attempts to claim disability discrimination, retaliation, and failure-to-hire. Complaint ("Compl.") ¶ I.2. Plaintiff seeks "reinstatement of job offer, for wage and compensatory damages in the form of actual lost wages at $70,000 per year for two years, totaling $140,000 with pre-judgment interest, back pay, front pay, lost employee benefits, and for lost company-paid retirement fund contributions"; and "reasonable non-wage damages for mental anguish, emotional distress, loss of enjoyment of life, any future time/wage loss in current employment, and future reasonable attorney fees, and court costs." Compl. ¶¶ II.1–2.

## GROUNDS FOR REMOVAL

3.      This action is removable under 28 U.S.C. § 1441(a) and (b) because the Court has original jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction exists because the parties are completely diverse and the amount in controversy exceeds $75,000. Finally, this Notice is timely filed and all other procedural requirements are met.

### Complete Diversity of Citizenship

4.      Plaintiff alleges that she is a resident of King County, Washington. Compl. ¶ I.1. Thus, Plaintiff is a citizen of Washington.

5.      Boeing is a corporation organized and existing under the laws of Delaware. Boeing's headquarters and principal place of business are located in Chicago, Illinois. Boeing is thus a citizen of Delaware and Illinois. *See* 28 U.S.C. § 1332(c)(1).

6.      Complete diversity of citizenship exists between the parties for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a).

### Amount in Controversy

7.      The Court should conclude based on a preponderance of evidence that Plaintiff's claims involve an amount in controversy in excess of $75,000, exclusive of interest and costs. A removing defendant may make the requisite showing that Section 1332's jurisdictional threshold of $75,000 is satisfied by either (1) demonstrating that it is facially apparent from the complaint that the claims likely exceed $75,000 or (2) setting forth facts in the notice of removal that

NOTICE OF REMOVAL (No. ) – 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

03002-2601/RESTRICTED92031250.1

support a finding of the requisite amount under a preponderance of evidence standard. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *see also* LCR 101(a). By the statements contained in this Notice of Removal, Boeing does not concede that Plaintiff is entitled to any damages.

8.      It is clear from the face of Plaintiff's Complaint that her claim exceeds $75,000. Among other damages, Plaintiff seeks back pay for wage and compensatory damages in the form of actual lost wages at $70,000 per year for two years, totaling $140,000 with prejudgment interest, back pay, front pay, lost employee benefits, and for lost company-paid retirement fund contributions. Compl. ¶ II.1. Plaintiff's claim for compensatory damages alone thus exceed the $75,000 threshold required for diversity jurisdiction under 28 U.S.C. § 1332.

9.      The nature of Plaintiff's claimed damages for the alleged violations of state law leaves no doubt that a reasonable person would conclude that the amount in controversy here exceeds the $75,000 required for diversity jurisdiction. Thus, based upon a preponderance of the evidence, Boeing has satisfied its burden to establish that the amount in controversy exceeds $75,000. This Court therefore has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

## ACTION REMOVABLE

10.      This action is removable to this Court under 28 U.S.C. § 1441 because this Court would have had original jurisdiction over Plaintiff's claims had Plaintiff filed the action initially in federal court. This Court is the district court of the United States for the district and division "embracing the place where [the state court] action is pending," and is therefore the appropriate court for removal. 28 U.S.C. § 1441(a).

11.      This Notice is filed with the Court within thirty (30) days after receipt by Boeing of the Complaint, in accordance with 28 U.S.C. § 1446(b).

## INTRADISTRICT ASSIGNMENT

12.      Boeing chooses to remove this action to the Seattle Division of this Court because Plaintiff initially filed this action in Snohomish County. *See generally* Compl.

NOTICE OF REMOVAL (No. ) – 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**PLEADINGS FILED**

13.     Copies of all process and pleadings filed in this case and found in the files of the

Superior Court of the State of Washington for Snohomish County are attached to the Verification

of State Court Record filed with this Notice. *See* LCR 101(b).

DATED:  September 3, 2015          By:  *s/ Chelsea Dwyer Petersen*
                                   By:  *s/ Emily A. Bushaw*
                                        Chelsea Dwyer Petersen, WSBA No. 33787
                                        Emily A. Bushaw, WSBA No. 41693
                                        **Perkins Coie LLP**
                                        1201 Third Avenue, Suite 4900
                                        Seattle, WA  98101-3099
                                        Telephone:  206.359.8000
                                        Facsimile:  206.359.9000
                                        Email:  CDPetersen@perkinscoie.com
                                                EBushaw@perkinscoie.com

                                        Attorneys for Defendant The Boeing Company

NOTICE OF REMOVAL (No. ) – 4

03002-2601/RESTRICTED92031250.1

## CERTIFICATE OF SERVICE

On September 3, 2015, I caused to be served upon counsel of record, at the address stated below, via the method of service indicated, a true and correct copy of the following document(s):

**NOTICE OF REMOVAL**

| | | |
|---|---|---|
| Margo H. Lechner | ☐ | Via hand delivery |
| PO Box 5618 | ☑ | Via U.S. Mail, 1st Class, |
| Kent, WA 98064 | | Postage Prepaid |
| Telephone: (206) 678-6390 | ☐ | Via Overnight Delivery |
| | ☐ | Via Facsimile |
| **Pro Se Plaintiff** | ☐ | Via E-filing |

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED:  September 3, 2015

*s/ Mary Klemz*
Mary Klemz
Legal Secretary

CERTIFICATE OF SERVICE (No. ) – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

03002-2601/RESTRICTED92031250.1